**UNITED STATES of America ex rel. Eugene CLAWSON, Appellant,**

v.

**A. T. RUNDLE, Supt.**

**No. 17177.**

United States Court of Appeals Third Circuit.

Submitted on Briefs May 7, 1968.

Decided June 14, 1968.

Eugene Clawson, pro se.

Conrad B. Capuzzi, Asst. Dist. Atty., Joseph E. Kovach, Dist. Atty., Uniontown, Pa., for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In 1960 appellant was tried and convicted of sodomy and buggery in the Court of Oyer and Terminer of Fayette County, Pennsylvania. Since that time there have been at least six state and federal habeas corpus proceedings by him. In this latest such action he states, as his sole ground of appeal from the denial by the District Court of his application for habeas corpus, that "This appeal involves the propriety of the wrongful use by the Commonwealth of Pennsylvania of the Juvenile Court Record of the defendant [appellant here]." Although he has claimed differently in prior habeas corpus proceedings he now states that " * * * the basis of the use of the Juvenile Court Record went to the credibility of the defendant." On the threshold question of whether such alleged juvenile record was introduced at the trial of appellant, the Commonwealth

of Pennsylvania states categorically as follows:

"After a careful and diligent search of the criminal records of Fayette County, this office has been unable to discover any Juvenile Record concerning the Appellant; but instead, found two charges of larceny at No. $^{23}/_{78}$ March 1958, and $^{21}/_{74}$ March 1958, to which the Appellant herein plead guilty to on February 12, 1958, in the Fayette County Court of Oyer and Terminer before Judge Eustace H. Bane and received sentence therefore on April 10, 1958. Therefore, since no Juvenile Record existed at the time of Appellant's trial, which was in 1960, it would have been impossible to introduce any such past record as claimed by the Appellant, ergo, no denial of due process and equal protection could have resulted."

Regarding the admitted earlier theft of two automobiles, the trial judge specifically charged "This testimony as to the defendant's prior conviction is admissible solely for the purpose of affecting his credibility, and you are not to consider it for any other purpose." The District Court, under United States ex rel. Scoleri v. Banmiller, 310 F.2d 720 (3 Cir. 1962) and United States ex rel. Lowry v. Myers, 242 F.Supp. 477 (E.D. Pa.1965), held:

"A review of the record before me, including the notes of the trial judge, indicates that the character and circumstances of this case being such as they were, the introduction of evidence concerning the auto larceny was not, in my opinion, prejudicial to the rights of the defendant. The decision to allow introduction of the evidence was made by the trial judge in his best discretion, keeping in mind the rights of the defendant as well as being concerned with the justice required under the circumstances."

We agree with that ruling.

The judgment of the District Court will be affirmed.